The Law Office of James M. Branden<br>
80 Bay Street Landing, Suite 7J<br>
Staten Island, New York 10301<br>
Tel. 212-286-0173<br>
Fax 212-286-0495

March 26, 2024

Hon. Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Carlos Silva Arellano
          Cr. Docket No. 16-241 (CBA)

Dear Judge Amon:

    The Court appointed me to represent Mr. Arellano on his *pro se* motion for a sentencing reduction under 18 U.S.C. §3582(c)(2), which provides that a court may reduce the term of imprisonment of a defendant who had been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. On February 14, 2024, I filed a letter in support of the motion. On March 18, 2024, the government filed opposition. This short letter is submitted in reply and further support for the motion.

    The government's opposition principally relies on the supposition that the Court imposed a 12-month downward variance because Mr. Arellano was a zero-point offender. Govt. Letter at 4-5. The record does not support that supposition. Explaining the sentence, the Court merely noted that "the defendant is in Criminal History Category I," (transcript attached to Statement of Reasons, at 3) – which allows up to one criminal history point – not that he was a zero-point offender. And, while the fact that Mr. Arellano was in Criminal History I was part of the Guidelines calculation, it did not appear to figure into the variance. The Court relied on other factors for that, to wit, remorse, ill-health, the severity of detention in Mexico and at the MDC, family circumstances and the

Hon. Carol B. Amon
United States District Judge
March 26, 2024
Page 2


need to avoid unwarranted disparities among co-defendants (Statement of Reasons at 3; transcript at 3). As such, a further and comparable variance based on zero criminal history points would not be "duplicative." Govt. Letter at 5. Because the Court cannot reduce the sentence below 87 months, a truly comparable variance cannot be realized and the Court should impose a term of 87 months (a 9-month variance), instead.

                                       Respectfully submitted,

                                       James M. Branden